3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
:
MLP I and QCR 77 LLC,                                       :
                                                            :
                        Plaintiffs,                         :
                                                            :
            v.                                              :    Civil Action No. _____
                                                            :
MYCA, LLC and 2220 EQUITIES                                 :    **JURY TRIAL DEMANDED**
MANAGEMENT LIMITED PARTNERSHIP,                             :
                                                            :
                        Defendants.                         :
                                                            :    **08 CIV. 0511**
-----------------------------------------------------------x

## COMPLAINT

Plaintiffs, MLP I and QCR 77 LLC (collectively "Plaintiffs"), by their attorneys, Willkie Farr & Gallagher LLP, hereby allege against Defendants MYCA, LLC and 2220 Equities Management Limited Partnership (collectively "Defendants") as follows:

### THE PARTIES

1.  Plaintiffs and Defendants are, collectively, all of the partners of 77th Queens Associates, a general partnership organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019.

2.  Plaintiff MLP I is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019. Plaintiff MLP I is comprised of Jean Minskoff Grant as general partner and James D. Sterling as limited partner. Jean Minskoff Grant and James D. Sterling are both citizens of New York.

4084231.12

3.  Plaintiff QCR 77 LLC is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 56 Ivy Hill Road, Ridgefield, CT, 06877. Plaintiff QCR 77 LLC's sole member is the Maggie P. Minskoff QTIP Trust, of which Patricia Breede is the sole trustee. Patricia Breede is a citizen of Connecticut.

4.  Upon information and belief, Defendant MYCA, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida. Upon information and belief, the members of Defendant MYCA, LLC are Sara Minskoff Allan and Carolyn Minskoff. Upon information and belief, Sara Minskoff Allan and Carolyn Minskoff are both citizens of Florida.

5.  Upon information and belief, Defendant 2220 Equities Management Limited Partnership is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business at 2200 E. Gossamer Lane, Boise, Idaho, 83706. Upon information and belief, the partners of Defendant 2220 Equities Management Limited Partnership are Alan Minskoff and Royanne Minskoff. Upon information and belief, Alan Minskoff and Royanne Minskoff are both citizens of Idaho.

**JURISDICTION AND VENUE**

6.  This Court has subject matter jurisdiction under 28 U.S.C. § 1332 as there is complete diversity among the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(a), in that a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## BACKGROUND ALLEGATIONS AS TO ALL CAUSES OF ACTION

8. Beginning in the 1950's, Henry Minskoff, Jerome Minskoff, and Myron Minskoff (collectively, "the Minskoff Brothers") formed a number of partnerships for the purpose of acquiring, owning, and leasing real estate in and around New York City. Many of the partnerships were formed with the Minskoff Brothers as the sole partners, and several of the partnerships had partners in addition to the Minskoff Brothers.

9. Among the partnerships that the Minskoff Brothers formed with one another was 77th Queens Associates (the "Partnership").

10. The Partnership was formed pursuant to a general partnership agreement dated November 2, 1970, and amended December 24, 1970 (the "Partnership Agreement"), which agreement and amendment are annexed hereto and made a part hereof and marked as "Exhibit A."

11. Pursuant to paragraph 4 of the Partnership Agreement, the Partnership was formed for the purpose of acquiring a leasehold interest (the "Lease") on the land and building thereon known as 116-02 to 116-32 Queens Boulevard, Borough of Queens, City of New York (the "Property"), and operating and managing said Property.

12. The Partnership's Lease on the Property expires in or about 2024. It is the principal asset of the Partnership.

4084231.12

13. At the time the Partnership Agreement was entered into, Henry Minskoff, Jerome Minksoff, Myron Minskoff, and Muriel Minskoff, all now deceased, were the general partners of the Partnership.

14. On or about December 24, 1970, Henry Minksoff, Jerome Minksoff, Myron Minskoff, and Muriel Minskoff executed a Business Certificate for Partners, amending the Partnership Agreement to reflect the withdrawal of Muriel Minskoff from the Partnership and the assignment of her share to the remaining partners.

15. Pursuant to paragraph 14 of the Partnership Agreement, after the deaths of the Minskoff Brothers, their interests were eventually assigned to Plaintiffs and Defendants.

16. The interests of the partners in the Partnership are currently as follows: Plaintiff MLP I has an 8.33% interest; Plaintiff QCR 77 LLC has a 33.33% interest; Defendant MYCA, LLC has a 33.34% interest; and Defendant 2220 Equities Management Limited Partnership has a 25.00% interest.

17. Plaintiffs and Defendants, as partners, jointly hold a valuable leasehold interest. They have a valuable business, and a number of accounts receivable which can be collected and are due and owing to the Partnership. The assets of the Partnership exceed its liabilities and are substantially in excess of $75,000.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above as if fully set forth herein.

19. Before the deaths of the Minskoff Brothers, the Partnership, as well as the other partnerships in which the Minskoff Brothers jointly held interests, were run without any significant problems among the partners. However, after the deaths of the Minskoff Brothers, the relationships between and among their successors-in-interest deteriorated. Such deterioration has affected all the entities in which the parties jointly hold interests.

20. That deterioration of the relationships between and among the partners (and their principals) has resulted in difficulties and disagreements concerning material aspects of the conduct of the Partnership and the business of the Partnership.

21. As a result of those difficulties, Plaintiffs and Defendants have been unable to agree on numerous issues affecting the management, direction, and day-to-day operations of the Partnership and the other partnerships in which Plaintiffs and Defendants jointly hold interests, including, but not limited to: (i) the roles to be played by each partner in the management of the properties owned by the partnerships; (ii) whether and under what terms to lease space in certain partnership properties; (iii) the organizational structure of the partnerships; (iv) whether to refinance certain partnership loans; (v) whether to make capital investments and tenant improvements and otherwise; and (vi) how to allocate insurance obligations among the properties owned by the various partnerships.

22. Irreconcilable differences exist regarding those issues and others. As a consequence, the parties are unable to conduct business in an appropriate manner and are deadlocked on decisions of import to the Partnership.

23. For years, efforts to resolve the problems that exist in the Partnership, as well as in the numerous other partnerships in which Plaintiffs and Defendants jointly hold interests, have consistently failed.

24. As a consequence, there is no hope that the parties will be able to resolve the problems plaguing the Partnership.

25. As a result of the foregoing, it is not reasonably practicable for the Partnership to carry on its business in conformity with the Partnership Agreement.

26. Accordingly, the present circumstances render the dissolution of the Partnership equitable, and the Partnership should therefore be dissolved.

27. There is no adequate remedy at law for the relief sought herein.

## AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above as if fully set forth herein.

29. Non-party Minskoff Grant Realty & Management Corp. ("MGRMC") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1350 Avenue of the Americas, New York, New York, 10019. MGRMC provides asset management and direct management for a diversified portfolio of urban and suburban office buildings and retail properties. Jean Minskoff Grant is the President and Chief Operating Officer of MGRMC, and Francis C. Grant III is the Chief Executive Officer of MGRMC.

4084231.12

30. For several years, Jean Minskoff Grant and Francis C. Grant III, through MGRMC, have efficiently, successfully, and profitably managed the Property of the Partnership to the substantial benefit of all the partners.

31. Through MGRMC, Jean Minskoff Grant and Francis C. Grant III have collected rents, made repairs, distributed profits to the Partnership, and performed numerous other responsibilities to ensure the successful management of the Property.

32. MGRMC has been intimately involved on a day-to-day basis with the management of the Partnership and the Property.

33. Certain partners (the "Revoking Partners") have recently purported to enter into an agreement with a third party (the "Third Party Manager") for the management of the Property, and to revoke MGRMC's authority to act for the Partnership.

34. The Revoking Partners have failed to provide Plaintiffs with relevant information concerning the agreement with the Third Party Manager.

35. Upon information and belief, the Third Party Manager has not had any prior involvement with the Partnership or the Property, and has not had any experience in managing the Property.

36. Plaintiffs believe that changing management will cause irreparable damage to the Partnership's interests in the Property.

37. Plaintiffs also believe that changing management will result in a waste of Partnership assets, as a significant amount of work would be required to transition the

4084231.12

management of the Property to the Third Party Manager, and as the Partnership would have to pay management fees to the Third Party Manager that are not currently being paid to MGRMC.

38. As a result of the foregoing, Plaintiffs request an Order allowing them or their agents to continue managing the Property until the dissolution and winding up of Partnership affairs is completed.

39. There is no adequate remedy at law for the relief sought herein.

WHEREFORE, Plaintiffs request judgment against the Defendants as follows:

(a) on the first cause of action,

    (i) dissolving the Partnership and ordering an accounting of all of the Partnership's transactions and of all property and money received and paid by Plaintiffs and Defendants respectively;

    (ii) declaring under section 68 of the New York Partnership Law that there be a winding up of the Partnership;

    (iii) directing the appointment of a referee to oversee the winding up of the Partnership affairs, the payment of the debts and liabilities of the Partnership, and the division of the surplus assets, in accordance with the Partnership Agreement;

(b) on the second cause of action, enjoining Defendants and allowing Plaintiffs or their agents to continue managing the Property until the dissolution and winding up of Partnership affairs is completed; and

4084231.12

  (c)  awarding Plaintiffs the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

DATED: New York, New York
     January 18, 2008

              Respectfully submitted,

              WILLKIE FARR & GALLAGHER LLP

              By: /s/ Thomas H. Golden
              Thomas H. Golden (TG-1467)
              (A Member of the Firm)

              787 Seventh Avenue
              New York, New York 10019-6099
              tgolden@willkie.com
              (212) 728-8000

              Attorneys for Plaintiffs

THIS AGREEMENT, made as of the 2nd day of NOVEMBER, 1970, by and between HENRY H. MINSKOFF, residing at 710 Park Avenue, New York, New York, JEROME MINSKOFF, residing at 2 East 67th Street, New York, New York, MYRON A. MINSKOFF, residing at 700 Park Avenue, New York, New York, and MURIEL R. MINSKOFF, residing at 100 West 57th Street, New York, New York.

W I T N E S S E T H:

1. The parties hereto hereby agree to form and do hereby form a partnership pursuant to the Partnership Law of the State of New York.

2. The partnership shall be conducted under the firm name and style of 77TH QUEENS ASSOCIATES.

3. The partnership shall commence as of the 2nd day of November, 1970 and shall continue until terminated, as in this agreement provided.

4. The purpose of this partnership is to acquire tenant's interest in and to that certain lease dated December 29, 1951 made between CHARLES B. BENENSON, as Landlord and BARNEY GREENE, as Tenant, covering the land and building thereon known as 116-02 to 116-32 Queens Boulevard, Borough of Queens, City of New York, and to operate and manage said property.

5. The capital with which the partnership shall commence business and any additional funds which may be required to acquire, improve and operate the property as aforesaid shall be contributed by the parties hereto in proportion to their partnership interests as set forth in paragraph "6" hereof.

6. The interests of the partners in the partnership shall be as follows:

| | |
|---|---|
| HENRY H. MINSKOFF | - 27 7/9% |
| JEROME MINSKOFF | - 27 7/9% |
| MYRON A. MINSKOFF | - 27 7/9% |
| MURIEL R. MINSKOFF | - 16 2/3% |

7. All profits which shall accrue to said partnership shall be divided and all expenses and all losses suffered or incurred in or about the business of the partnership shall be borne by said parties in proportion to their aforesaid interests, and the profits shall be divided from time to time as the business shall warrant and the co-partners shall agree.

8. All purchases, sales, transactions and accounts of the said firm shall be kept in regular books which shall always be open to the inspection of the parties hereto and their legal representatives respectively.

9. The funds of the partnership shall be deposited in some bank or banks to be selected by the parties in the name of the partnership and shall be drawn by check to be signed by any one of HENRY H. MINSKOFF, JEROME MINSKOFF and MYRON A. MINSKOFF.

10. The parties agree to render their personal services to the partnership and to devote thereto such time as they in their sole discretion may deem necessary, it being agreed further that the parties hereto, or any of them, may engage in other business ventures exclusively for their own account or in conjunction with others, including the ownership operation and management of real estate.

-2-

11. Any one of HENRY H. MINSKOFF, JEROME MINSKOFF and MYRON A MINSKOFF shall be and is hereby authorized, for an on behalf of the partnership, to negotiate, enter into, and execute leases and to incur obligations for and on behalf of the partnership, in connection with its business; to borrow moneys for and on behalf of the partnership upon such terms and conditions as any such partner may deem advisable and proper and to pledge the credit of the partnership for such purpose; to prepay in whole or in part, refinance, modify or extend any of the mortgages affecting said property owned by the partnership; to sell or convey any and all of the partnership property; and in connection with the foregoing any such partner may execute for and on behalf of the partnership any and all documents and papers relating thereto, including but not limited to contracts, leases, deeds, mortgages, extension agreements and notes, and the signature of any such partner for and in behalf of the partnership on any of such documents shall be binding upon the partnership.

12. This partnership may be dissolved at any time by agreement of the partners in which event the partners shall proceed with reasonable promptness to liquidate the business of the partnership.

13. The assets of the partnership business shall be used and distributed in accordance with the Partnership Law of the State of New York.

14. The death of any of the parties hereto shall not act as a termination or dissolution of this partnership but the legal representative of said deceased partner shall continue as a member thereof and shall be entitled to all

benefits thereof and shall be subject to all the liabilities provided for herein.

15. None of the partners shall be entitled to compensation for management or conduct of the partnership business.

16. This agreement shall be binding upon and inure to the benefit of the respective parties hereto, their distributees, administrators, legal representatives and assigns. This agreement may not be modified orally.

IN WITNESS WHEREOF the parties have hereunto set their hands and seals as of the day and year first above written.

_____
Henry H. Minskoff

_____
Jerome Minskoff

_____
Myron A. Minskoff

_____
Muriel R. Minskoff

-4-

Certification of Conducting Business as Partners
Individual — Corporation.

AMENDED

# Business Certificate for Partners

The undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of 77TH QUEENS ASSOCIATES,

at 1350 Avenue of the Americas,
in the County of New York, State of New York, and do further certify that the full names of all the persons conducting or transacting such partnership including the full names of all the partners with the residence address of each such person, and the age of any who may be infants, are as follows:

| NAME Specify which are infants and state ages. | RESIDENCE |
|---|---|
| HENRY H. MINSKOFF | 710 Park Ave., New York, N.Y. 10021 |
| JEROME MINSKOFF | 2 East 67th Street, New York, N.Y. 10021 |
| MYRON A. MINSKOFF | 700 Park Avenue, New York, N.Y. 10021 |

~~WE DO FURTHER CERTIFY~~

~~that no other persons have an interest in the partnership or are otherwise engaged in said partnership business.~~

This amendment is necessitated by the withdrawal of Muriel R. Minskoff from the partnership and the assignment of her share to the remaining partners named above.

**In Witness Whereof,** We have this 24th day of December, 19 70 made and signed this certificate.

[signatures]

STATE OF NEW YORK, COUNTY OF NEW YORK) SS:
I, NORMAN GOODMAN, COUNTY CLERK AND CLERK OF THE SUPREME COURT, NEW YORK COUNTY DO HEREBY CERTIFY THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL THEREOF FILED IN MY OFFICE ON MAR 2 - 1971, AND THAT THE SAME IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF SUCH ORIGINAL.
IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL
MAR -2 1971
COUNTY CLERK AND CLERK OF THE SUPREME COURT, NEW YORK COUNTY
FACSIMILE SIGNATURE USED PURSUANT TO SEC. 903, COUNTY LAW.
FEE PAID: $1.00

State of New York,
County of New York } ss.:         INDIVIDUAL ACKNOWLEDGMENT

On this 24th day of December, 1970, before me personally appeared
HENRY H. MINSKOFF, JEROME MINSKOFF and MYRON A. MINSKOFF and MURIEL R. MINSKOFF
to me known and known to me to be the individual s described in, and who executed the foregoing certificate, and they thereupon duly acknowledged to me that t hey executed the same.

PAULEEN FRIEDMAN
NOTARY PUBLIC, State of New York
No. 41-3113750
Qualified in N.Y. and Westchester County
Term Expires March 30, 1972

[signature: Pauleen Friedman]