UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN MINSKOFF GRANT,

                        Plaintiff,

      -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                        Defendants.

No. 08 CV 508 (CLB)
**FILED BY ECF**

---

MLP I and QCR 77 LLC,

                        Plaintiffs,

      -against-

MYCA, LLC and 2220 EQUITIES MANAGEMENT
LIMITED PARTNERSHIP,

                        Defendants.

No. 08 CV 511 (CLB)
**FILED BY ECF**

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MYCA, LLC'S AND 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP'S JOINT MOTION TO DISMISS PLAINTIFFS' SECOND CLAIM FOR INJUNCTIVE RELIEF

---

AKIN GUMP STRAUSS HAUER
   & FELD LLP
Michael D. Lockard
Rebecca N. Loubriel
590 Madison Avenue
New York, New York 10022
Telephone: (212) 872-7439
Facsimile: (212) 872-1002

*Counsel for defendant MYCA, LLC*

WHITEMAN OSTERMAN & HANNA LLP

Philip H. Gitlen
Christopher E. Buckey
One Commerce Plaza
Albany, New York 12260
Telephone: (518) 487-7600
Facsimile: (518) 487-7777

*Counsel for defendant 2220 Equities Management Limited Partnership*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

**PRELIMINARY STATEMENT** ........................................................................................... 1

**FACTUAL BACKGROUND** ............................................................................................... 2

    A.    THE PARTNERSHIPS AND THE PARTNERS ..................................................... 2

    B.    GRANT'S MANAGEMENT OF THE PARTNERSHIPS' PROPERTY AND HER DISMISSAL IN FAVOR OF A THIRD-PARTY MANAGER ................................................................................ 3

    C.    PLAINTIFFS' CLAIMS .......................................................................................... 5

**ARGUMENT** ......................................................................................................................... 6

    I.    STANDARDS GOVERNING MOTIONS PURSUANT TO RULES 12 AND 56 .......................................................................................... 6

    II.    PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED WITH PREJUDICE ............................................. 7

        A.    PLAINTIFFS FAIL TO STATE A CLAIM FOR INJUNCTIVE RELIEF UNDER RULE 12(B)(6) ........................................ 8

        B.    THERE IS NO GENUINE ISSUE OF MATERIAL FACT PREVENTING DISMISSAL OF PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF ............................................................ 11

**CONCLUSION** .................................................................................................................... 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Carey v. Reed Elsevier, Inc.*,
    No. 96 Civ. 8995, 1998 WL 241951 (S.D.N.Y. May 11, 1998) ................................................7

*Cortec Indus. v. Sum Holding, L.P.*,
    949 F.2d 42 (2d Cir. 1991) ........................................................................................................7

*Crane Co. v. Coltec Indus.*,
    171 F.3d 733 (2d Cir. 1999) ......................................................................................................7

*First Nationwide Bank v. Gelt Funding Corp.*,
    27 F.3d 763 (2d Cir. 1994) ........................................................................................................6

*Gennaro v. Rosenfield*,
    600 F. Supp. 485 (S.D.N.Y. 1984) ..........................................................................................10

*Gonzalez v. New York City Transit Auth.*,
    No. 00 Civ. 4293 (SHS), 2001 WL 492448 (S.D.N.Y. May 9, 2001),
    *aff'd*, 32 Fed. Appx. 10 (2d Cir. Apr. 16, 2002) .......................................................................7

*Grant v. MYCA, LLC*,
    No. 08 CV 508 (CLB) (S.D.N.Y.) ..............................................................................................2

*Hirsch v. Arthur Anderson & Co.*,
    72 F.3d 1085 (2d Cir. 1995) ......................................................................................................6

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
    970 F.2d 1030 (2d Cir. 1992) ....................................................................................................7

*MLP I v. MYCA, LLC*,
    No. 08 CV 511 (CLB) (S.D.N.Y.) ..............................................................................................2

*O Zon Inc. v. Charles*,
    272 F. Supp. 2d 307 (S.D.N.Y. 2003) ....................................................................................8, 9

*Ocilla Indus. v. Katz*,
    677 F. Supp. 1291 (E.D.N.Y. 1987) ........................................................................................12

*R.R. P.B.A. of New York v. Metro-North Commuter R.R.*,
    699 F. Supp. 40 (S.D.N.Y. 1988) ..............................................................................................9

*Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*,
    893 F. Supp. 285, 293 (S.D.N.Y. 1995) ..................................................................................8, 9

*Roge v. NYP Holdings,*
    257 F.3d 164 (2d Cir. 2001) ..................................................................................................7

*Rozsa v. May Davis Group,*
    187 F. Supp. 2d 123 (S.D.N.Y. 2002) ...................................................................................7

*Scorpio 8283 v. MYCA, LLC,*
    No. 08 CV 510 (CLB) (S.D.N.Y.) .....................................................................................1, 4

*Waldman Publ'g Corp. v. Landoll, Inc.,*
    43 F.3d 775 (2d Cir. 1994) .............................................................................................10, 12

*Weizmann Inst. of Sci. v. Neschis,*
    229 F. Supp. 2d 234 (S.D.N.Y. 2002) ...................................................................................9

**STATE CASES**

*Ashley MRI Mgmt. Corp. v. Perkes,*
    814 N.Y.S.2d 559, 10 Misc. 3d 1068 (Sup. Ct. 2006) ..........................................................9

*Currier v. First Transcapital Corp.,*
    593 N.Y.S.2d 16, 190 A.D.2d 507 (App. Div. 1993) .........................................................12

*D'Amour v. Ohrenstein & Brown LLP,*
    No. 601418/2006, 2007 WL 4126386 (N.Y. Sup. Ct. Aug. 13, 2007) ..................................9

*Fisher v. Health Ins. Plan of Greater New York,*
    324 N.Y.S.2d 732, 67 Misc. 2d 674 (Sup. Ct. 1971) .........................................................8, 9

*Grant v. Minskoff,*
    Index No. 03175/2008 (N.Y. Sup. Ct.) .................................................................................4

*Grant v. Minskoff,*
    Index No. 03176/2008 (N.Y. Sup. Ct.) .................................................................................4

*Lippman v. Dime Sav. Bank of New York,*
    691 N.Y.S.2d 437, 262 A.D.2d 52 (App. Div. 1999) .........................................................12

*Reed, Roberts Assoc., Inc. v. Strauman,*
    353 N.E.2d 590, 40 N.Y.2d 303 (1976) .........................................................................10, 12

*Town of Oyster Bay v. New York Tel. Co.,*
    426 N.Y.S.2d 807, 75 A.D.2d 598 (App. Div. 1980) .........................................................12

**STATUTES**

FED. R. CIV. P. 12.....................................................................................................................1, 6, 8

FED. R. CIV. P. 56 ............................................................................................................................7

N.Y. Partnership Law § 40(8) (McKinney 2006) ................................................................10, 12

Defendants MYCA, LLC ("MYCA") and 2220 Equities Management Limited Partnership ("2220 Equities") respectfully submit this memorandum of law in support of their joint motion pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56, for an order dismissing with prejudice plaintiffs Jean Minskoff Grant's (No. 08 CV 508) and plaintiffs MLP I's and QCR 77 LLC's (No. 08 CV 511) second causes of action for injunctive relief.

## PRELIMINARY STATEMENT

These cases involve certain family real-estate partnerships formed decades ago among brothers Myron, Henry and Jerome Minskoff, each to own and operate a particular parcel of real estate or leasehold in the New York area. As each of the brothers died and their partnership interests passed to their widows and children, or to entities owned and controlled by them, ownership of the partnerships became more fractured and the relationships among some of the partners more strained. Near the end of 2007, majorities of several of the family partnerships voted to replace the management of the properties owned by those partnerships—management that had been controlled by Jean Minskoff Grant, a minority partner in some of the partnerships. In response, Grant and her allies Michael and Patricia Breede[1] caused five substantially identical dissolution suits to be filed in state and federal court on or about January 18, 2008, asking that the partnerships be wound up and that the Court issue an injunction requiring that Grant and her management company stay on as property manager pending the completion of the winding-up process. Three of those actions are pending before this Court, and the instant motions are filed in two of those actions.[2]

---

[1] Jean Minskoff Grant and Michael and Patricia Breede, individually or through entities owned or controlled by them, control partnership interests in various of the family partnerships and are jointly represented by the same counsel in these actions.

[2] The third action before this Court, *Scorpio 8283 LLC v. MYCA, LLC*, No. 08 CV 510 (CLB) (S.D.N.Y.), should be dismissed for failure to join necessary parties. A joint motion to that effect is being filed in that action.

Plaintiffs' causes of action seeking an injunction requiring Grant, through her company Minskoff Grant Realty Management Corporation ("MGRMC"), to manage the partnerships' property pending their winding up should be dismissed. First, Grant has no right to sole management pending winding up and, indeed, the partnerships have directed MGRMC to turn over all of the partnership property in its possession and control to a duly-appointed, third-party property manager. Second, Plaintiffs have not alleged any irreparable harm that could result from independent, third-party management of the partnerships' property, nor can they. Finally, it would be inequitable to impose by judicial mandate the very circumstances that led to the discord that precipitated the dissolution actions. Accordingly, Plaintiffs' claims for injunctive relief should be dismissed with prejudice.

## FACTUAL BACKGROUND[3]

### A.   THE PARTNERSHIPS AND THE PARTNERS

The partnerships involved in these two actions are Halstead-Harrison Associates and 77th Queens Associates, two New York general partnerships (the "Partnerships").

Halstead-Harrison owns and operates real property located at 270 to 278 Halstead Avenue in Harrison, New York. (H-H Compl. ¶ 8.) Its partners are: (1) defendant MYCA, a limited liability company whose members are Sara Minskoff Allan and her mother, Carolyn Minskoff, and which owns a one-third interest; (2) defendant 2220 Equities, a limited partnership whose

---

[3] For purposes of this motion, the following statement of facts is taken largely from the complaints in *Grant v. MYCA, LLC*, No. 08 CV 508 (CLB) (S.D.N.Y.) ("H-H Compl.") and *MLP I v. MYCA, LLC*, No. 08 CV 511 (CLB) (S.D.N.Y.) ("77th Queens Compl.") (together, the "Complaints"), which are identical except with respect to the particulars of each partnership's membership, property and governing agreement; and supplemented where appropriate by the Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss Plaintiff's Second Claim For Injunctive Relief ("Allan Decl."); the Declaration Of Royanne Minskoff In Support Of Defendants' Joint Motion To Dismiss Plaintiff's Second Claim For Injunctive Relief ("Minskoff Decl."); and the Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Dismiss Plaintiff's Second Claim For Injunctive Relief ("Lockard Decl.") accompanying this motion. The Complaints are annexed to the Lockard Declaration as Exhibits 1 and 2.

general partners are Alan Minskoff and his wife, Royanne Minskoff, and which owns a one-third interest; and (3) plaintiff Jean Minskoff Grant, who owns a one-third interest. (*Id.* ¶¶ 1-4, 15.)

77th Queens owns and operates a long-term lease of commercial property located at 116-02 to 116-32 Queens Boulevard in Queens, New York. (77th Queens Compl. ¶¶ 11-12.) Its partners are: (1) MYCA, which owns a one-third interest; (2) 2220 Equities, which owns a one-quarter interest; (3) plaintiff MLP I, a limited partnership whose general partner is Grant and whose limited partner is James Sterling, and which owns a one-twelfth interest; and (4) QCR 77 LLC, a limited liability company whose sole member is a trust whose trustee is Patricia Breede, and which owns a one-third interest. (*Id.* ¶¶ 1-5, 16.)

### B.   GRANT'S MANAGEMENT OF THE PARTNERSHIPS' PROPERTY AND HER DISMISSAL IN FAVOR OF A THIRD-PARTY MANAGER

For several years, Jean Minskoff Grant and her husband have exercised control over the management of properties owned by various Minskoff family real estate partnerships, including the properties owned or leased by Halstead-Harrison and 77th Queens, through MGRMC, a management company that she and her husband control. (H-H Compl. ¶¶ 28-31; 77th Queens Compl. ¶¶ 29-32.) Grant, through MGRMC, has been "intimately involved on a day-to-day basis with the management" of the properties and, Plaintiffs allege, the Partnerships themselves. (H-H Compl. ¶ 31; 77th Queens Compl. ¶ 32.) The partners, however, have been in a state of sharp discord over the "management and day-to-day operations" of the properties with which Grant has been so intimately involved. (*See* H-H Compl. ¶¶ 18-23; 77th Queens Compl. ¶¶ 19-24.)

In November 2007, unable to resolve their differences with Grant, MYCA and 2220 Equities and its principals convened partnership meetings in partnerships where they together hold controlling majorities, including Halstead-Harrison and 77th Queens. (*See* Allan

Decl. ¶¶ 6-9, Minskoff Decl. ¶¶ 6-9.) At these meetings, the majorities voted in favor of hiring a third-party manager who was not tainted by the years of sharp discord that exist among the Plaintiffs and Defendants here. (*See* Allan Decl. ¶¶ 7-9, Exs. 1, 2 (meeting minutes); Minskoff Decl. ¶ 7-9, Exs. 1 & 2 (meeting minutes).) Accordingly, on or about December 11, 2007, the Partnerships directed MGRMC to turn over partnership property and records to the new, third-party manager. (*See* Allan Decl. ¶ 10, Ex. 3; Minskoff Decl. ¶ 10, Ex. 3.)

Grant and her company defied the Partnerships' directions. Rather than turn over the books, records and property to the duly-appointed, third-party property manager, Grant and her allies, the Breedes, instead caused the instant actions, along with three others,[4] to be filed on January 18, 2008, seeking dissolution of the partnerships (*see generally* H-H Compl.; 77th Queens Compl.); though the actions were not served until February 8, 2008 (*see* Lockard Decl. ¶ 3). The Grants, the Breedes and MGRMC all are jointly represented by the same counsel in their disputes with the Defendants and their principals. (*See id.* at ¶ 4, Ex. 3 (civil cover sheets).)

On or about January 24, 2008, four partnerships (three of which are subject to Plaintiffs' dissolution actions) commenced an action in New York State Supreme Court, New York County, against MGRMC seeking to recover the partnership property that Grant and her company continued wrongfully to withhold from the partnerships and from the new third-party manager, and brought a motion by order to show cause for a preliminary injunction requiring MGRMC to relinquish the property. (*See id.* at Exs. 4 (order to show cause) & 5 (complaint).) The motion

---

[4] As noted above, *see supra* note 2, the Grants and Breedes also caused to be filed in this Court *Scorpio 8283 LLC v. MYCA, LLC*, No. 08 CV 510 (CLB) (S.D.N.Y.), which Defendants are jointly moving to dismiss under Rules 12(b)(7) and 19. The Grants and Breedes also commenced two actions in New York State Supreme Court, Westchester County, *Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.).

for a preliminary injunction was heard on February 5, 2008, and a decision on the motion is pending. (*See id.* at ¶ 6, Ex. 6 (docket report).)

### C. PLAINTIFFS' CLAIMS

Plaintiffs' first cause of action in the two complaints is for a judgment dissolving the Partnerships, ordering an accounting, directing a referee-supervised winding up of the Partnerships' affairs, and directing the distribution of the Partnerships' surplus assets to the partners according to their respective interests. (H-H Compl. ¶¶ 25 & 38(a); 77th Queens Compl. ¶¶ 26 & 39(a).)

Plaintiffs' second cause of action in the two complaints is for an injunction prohibiting Defendants from managing, and requiring Plaintiffs or their agents to manage, the Property until the dissolution and winding up of the Partnerships' affairs is completed. (H-H Compl. ¶¶ 37 & 38(b); 77th Queens Compl. ¶¶ 38 & 39(b).) Plaintiffs allege that an injunction is required to keep Grant, a minority partner, in control of the properties' management—against the will of the majority and against the Partnerships' direction—because MGRMC is more familiar with the properties than the third-party manager, and changing management therefore would cause a waste of the Partnerships' assets during the transition period. (H-H Compl. ¶¶ 34 & 36; 77th Queens Compl. ¶¶ 35 & 37.) Plaintiffs also allege that management fees would be paid to the third-party manager that are not paid to MGRMC. (H-H Compl. ¶ 36; 77th Queens Compl. ¶ 37; *but see* Allan Decl. ¶¶ 3-4 & Minskoff Decl. ¶¶ 3-4.) Finally, Plaintiffs allege that they "believe[ ] that changing management will cause irreparable damage to the Partnership's interests in the Property" (H-H Compl. ¶ 35; 77th Queens Compl. ¶ 36), but do not allege any kind of irreparable harm that would be caused.

## ARGUMENT

There is no basis for Plaintiffs' causes of action seeking an injunction requiring Grant to manage the properties owned by the Partnerships pending their dissolution and winding up. *First*, the Complaints on their face are defective. The Complaints fail to allege facts showing even the possibility of irreparable harm. Plaintiffs' allegations, even if true, show only the possibility of monetary harm compensable through legal relief. Moreover, the Complaints fail to allege any wrongful conduct to remedy through equitable relief. Plaintiffs' mere disagreement with the Partnerships' lawful action in appointing a third-party manager is no basis for seeking judicial relief. The equitable remedy of an injunction therefore is unavailable, and these causes of action should be dismissed pursuant to Rule 12(b)(6).

*Second*, the evidence submitted in support of this motion shows that the third-party manager does not have authority to take any action that could cause irreparable harm to the Partnerships, confirming that there is no basis for an injunction. The evidence also shows that MGRMC already has been lawfully replaced as manager of the Partnerships' property. An injunction cannot issue to prohibit lawful conduct, or to reverse a *fait accompli*. The dismissal of these causes of action under Rule 56 is therefore also warranted. For these reasons, the Plaintiffs' second causes of action should be dismissed with prejudice under Rule 12(b)(6) or, in the alternative, Rule 56.

## I.   STANDARDS GOVERNING MOTIONS PURSUANT TO RULES 12 AND 56

On a motion to dismiss pursuant to Rule 12(b)(6), the plaintiff's well-pleaded allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See, e.g., First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Conclusions of law and vague, conclusory assertions, however, need not be accepted. *Id.*; *see also Hirsch v. Arthur Anderson & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). The complaint should be dismissed

if the plaintiff fails to allege the elements of its cause of action. *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 970 F.2d 1030, 1039-42 (2d Cir. 1992).

In addition to the plaintiff's allegations, the Court may consider documents the plaintiff refers to or relies upon for its claims. *Cortec Indus. v. Sum Holding, L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The interpretation of an unambiguous contract is a matter of law for the Court, appropriately resolved on a motion to dismiss. *Crane Co. v. Coltec Indus.*, 171 F.3d 733, 737 (2d Cir. 1999). Allegations contradicted by the provisions of the relevant documents may be disregarded. *Rozsa v. May Davis Group*, 187 F. Supp. 2d 123, 128-29 (S.D.N.Y. 2002).

Under Rule 56, a motion for summary judgment should be granted where there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 167 (2d Cir. 2001). While reasonable inferences must be drawn in favor of the non-moving party, the party opposing summary judgment must do "more than simply show that there is some metaphysical doubt as to the material facts." *Gonzalez v. New York City Transit Auth.*, No. 00 Civ. 4293 (SHS), 2001 WL 492448, at *6 (S.D.N.Y. May 9, 2001), *aff'd*, 32 Fed. Appx. 10 (2d Cir. Apr. 16, 2002) (citations omitted). Rather, the party opposing summary judgment must "enumerate specific facts and circumstances supported by deposition, affidavits based on personal knowledge, and admissions, and cannot rely upon conclusory allegations or denials." *Carey v. Reed Elsevier, Inc.*, No. 96 Civ. 8995, 1998 WL 241951, at *3 (S.D.N.Y. May 14, 1998) (quotations and citations omitted).

## II.   PLAINTIFFS' CLAIMS FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED WITH PREJUDICE

As a preliminary matter, there is no cause of action for an injunction. An injunction is a remedy that may only be issued if the plaintiff has a valid claim or cause of action, and if

injunctive relief is otherwise appropriate. As the court explained in *Reuben H. Donnelley Corporation v. Mark I Marketing Corporation*:

> There is no "injunctive" cause of action under New York or federal law. Instead, defendants must allege some wrongful conduct on the part of plaintiff for which their requested injunction is an appropriate remedy. Moreover, they must allege that they will suffer irreparable harm because of the conduct, e.g., that they have no adequate remedy at law, and that the balance of equities weighs in their favor.

893 F. Supp. 285, 293 (S.D.N.Y. 1995) (citation omitted); *see also O Zon Inc. v. Charles*, 272 F. Supp. 2d 307, 312 (S.D.N.Y. 2003). Accordingly, Plaintiffs here may only seek an injunction if they allege (1) wrongful conduct by Defendants, (2) that Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law, and (3) that the balance of equities weighs in their favor. The Complaints do not allege, and Plaintiffs cannot show, any of these three requirements. Indeed, the requested injunction would thwart valid partnership action to appoint a third-party manager, and mandate a return to the very circumstances that have led to the discord that Plaintiffs allege in their complaints for dissolution. Moreover, as shown by the management agreements with the third-party manager, there is no prospect of irreparable harm because the third-party manager is not authorized to take any action respecting title to the Partnerships' property without approval by the Partnership.

### A.  PLAINTIFFS FAIL TO STATE A CLAIM FOR INJUNCTIVE RELIEF UNDER RULE 12(B)(6)

The Complaints fail to allege irreparable harm. Plaintiffs' conclusory assertion that they "*believe*[ ] that changing management will cause irreparable damage" to the Partnerships' interests in the underlying real estate (*see* H-H Compl. ¶ 35, 77th Queens Compl. ¶ 36 (emphasis supplied)) is insufficient to support the extraordinary remedy of an injunction. "[T]he mere allegation of serious or irreparable injury, apprehended or threatened, is insufficient." *Fisher v.*

*Health Ins. Plan of Greater New York*, 324 N.Y.S.2d 732, 67 Misc. 2d 674, 677 (Sup. Ct. 1971); *see also R.R. P.B.A. of New York, Inc. v. Metro-North Commuter R.R.*, 699 F. Supp. 40, 43 (S.D.N.Y. 1988). The only harm the Complaints allege is that changing management "will result in a waste of Partnership assets, as a significant amount of work would be required to transition the management" to the third-party manager, and that the Partnership "would have to pay management fees" to the third-party manager. (H-H Compl. ¶ 36; 77th Queens Compl. ¶ 37.) Even if true, these assertions of monetary harm can be remedied at law and, thus, cannot state a claim for an injunction. As the court held in *D'Amour v. Ohrenstein & Brown LLP*, "[A]ssuming that defendants do waste [the partnership]'s assets in the manner alleged, plaintiffs have failed to allege facts indicating that they cannot be fully compensated by an award of monetary damages. Accordingly, plaintiffs have failed to allege the sort of irreparable injury which is prerequisite to the granting of an injunction." No. 601418/2006, 2007 WL 4126386, at *15 (N.Y. Sup. Ct. Aug. 13, 2007); *see also Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 259 (S.D.N.Y. 2002); *Reuben H. Donnelley Corp.*, 893 F. Supp. at 294.; *Ashley MRI Mgmt. Corp. v. Perkes*, 814 N.Y.S.2d 559, 10 Misc. 3d 1068(A), 2006 WL 27685, at *4 (Sup. Ct. 2006).

Second, the Complaints fail to allege wrongful conduct by the Defendants, as required to seek an injunction. *Reuben H. Donnelley Corp.*, 893 F. Supp. at 293; *O Zon Inc.*, 272 F. Supp. 2d at 312. There simply is no allegation that the Partnerships' appointment of the third-party manager is wrongful or contrary to law (*see* H-H Compl. ¶¶ 32-33; 77th Queens Compl. ¶¶ 33-34); nor can there be. Plaintiffs' mere disagreement with the Partnerships' decision to replace Grant as manager does not make that decision unlawful or wrongful. *See* N.Y. Partnership Law § 40(8) (McKinney 2006) ("[A]ny difference arising to ordinary matters connected with the partnership business may be decided by a majority of the partners."). An

injunction should not burden the lawful actions of the Partnerships. *See Waldman Publ'g Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir. 1994) (modifying an injunction that imposed unnecessary burdens on lawful activity); *Reed, Roberts Assocs., Inc. v. Strauman*, 353 N.E.2d 590, 593-94, 40 N.Y.2d 303, 308-309 (1976) (reversing injunction where, *inter alia*, the defendant did not engage in wrongful conduct).

Finally, it would be inequitable to issue an injunction thwarting the Partnerships' choice of management and forcing the Partnerships to suffer the management of their properties by Grant and her company, where Grant's management gave rise to the very discord that caused the Partnerships to replace her and her company as property manager and precipitated the subsequent actions to dissolve the Partnerships. *See Gennaro v. Rosenfield*, 600 F. Supp. 485, 492 (S.D.N.Y. 1984) (balance of equities tipped in favor of defendant where injunction could require defendant to be "in the uncomfortable position of working closely with someone whom he allegedly had replaced, had litigated against, and had no desire to work with"). Plaintiffs allege that Grant and her husband, through their company MGRMC, have controlled the management of the Partnerships' properties. (H-H Compl. ¶¶ 29-31; 77th Queens Compl. ¶¶ 30-32.) Indeed, they have been "intimately involved on a day-to-day basis with the management" of the properties. (H-H Compl. ¶ 31; 77th Queens Compl. ¶ 32.) But Plaintiffs also allege that, while Grant has controlled the management of the properties owned by the Partnerships, Plaintiffs and their principals (including Grant) and Defendants and their principals "have been unable to agree on numerous issues *affecting the management, direction, and day-to-day operations*" of those properties. (*See* H-H Compl. ¶ 20; 77th Queens Compl. ¶ 21 (emphasis supplied).) Defendants confirm that their disputes have centered on Grant and her management. (*See* Allan Decl. ¶¶ 4, 5; Minskoff Decl. ¶ 4, 5.) Grant's management, in other words, is at the

heart of the conflict that led the Partnerships to appoint third-party management and that precipitated Grant's and her allies' filing of the dissolution actions. And Grant's refusal to honor the Partnerships' directions to turn management over to an independent, third-party manager has only deepened the conflict and distrust. (Allan Dec. ¶ 14; Minskoff Decl. ¶ 14.) An injunction imposing the same state of affairs that led to dissolution actions in the first place would offend equity.

Accordingly, Plaintiffs fail to state a claim for injunctive relief, and the second causes of action should be dismissed with prejudice under Rule 12(b)(6).

### B. THERE IS NO GENUINE ISSUE OF MATERIAL FACT PREVENTING DISMISSAL OF PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF

In the alternative, Plaintiffs' second causes of action should be dismissed under Rule 56, as there is no genuine issue of material fact that (1) third-party management will not cause irreparable harm to the Partnerships; and (2) the Partnerships lawfully appointed the third-party manager.

Under the Partnerships' agreements with the third-party manager, the new agent cannot take any actions affecting title to the Partnerships' interests in real property. (*See* Allan Decl. ¶ 11, Ex. 4 (management agreements); Minskoff Decl. ¶ 11, Ex. 4 (management agreements).) The manager does not have the authority to "bind or obligate" the Partnerships (*ids.* Ex. 4 (management agreements) at 2); its authority is limited to operating and maintaining the properties, preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting rents and other charges from tenants, supervising repairs, and similar activities (*ids.* at 2-5). In short, the new managing agent does not have the authority to take any action that could

constitute irreparable harm,[5] and there is no basis for Plaintiffs' claim for injunctive relief. *See Ocilla Indus. Inc. v. Katz*, 677 F. Supp. 1291, 1302 (E.D.N.Y. 1987).

Finally, there is no genuine issue of fact that the new third-party manager was duly appointed pursuant to valid partnership action. The Partnerships agreed to retain third-party management at partnership meetings pursuant to majority votes. (Allan Decl. ¶¶ 7-9, Exs. 1 & 2 (meeting minutes); Minskoff Decl. ¶ 7-9, Exs. 1 & 2 (meeting minutes).) *See* N.Y. Partnership Law § 40(8) (McKinney 2006). The Partnerships entered into valid management agreements with Armstrong. (*See* Allan Decl. Ex. 4 (management agreements); Allan Decl. Ex. 4 (management agreements).) The new property manager already has been engaged and the Partnerships already have directed Grant and her company, MGRMC, to turn over the Partnerships' books, records and property. (*Ids.* Exs. 3 (letters to MGRMC).) Plaintiff cannot seek an injunction to prohibit lawful conduct, *see Waldman Publ'g Corp.*, 43 F.3d at 785, *Reed, Roberts Assoc., Inc.*, 353 N.E.2d at 593-94, 40 N.Y.2d at 308-309, or to enjoin that which already has occurred. *See Lippman v. Dime Sav. Bank of New York*, 691 N.Y.S.2d 437, 262 A.D.2d 52, 52 (App. Div. 1999) (dismissing plaintiff's cause of action for an injunction where the conduct sought to be prohibited has already occurred); *Currier v. First Transcapital Corp.*, 593 N.Y.S.2d 16, 17, 190 A.D.2d 507, 508 (App. Div. 1993); *Town of Oyster Bay v. New York Tel. Co.*, 426 N.Y.S.2d 807, 75 A.D.2d 598, 598 (App. Div. 1980).

For the foregoing reasons, the Complaints' second causes of action for injunctive relief should be dismissed with prejudice.

---

[5] Grant, in contrast, claims also to manage the Partnerships themselves (H-H Compl. ¶ 31, 77th Queens Compl. ¶ 32). Defendants dispute that Grant has authority to act on behalf of the Partnerships, and Grant's assertion underscores the danger and inequity of an injunction requiring her to continue her disputed exercise of control over the properties and the Partnerships' books, records and accounts. Unlike Armstrong, whose authority to manage the properties is clearly defined and limited, Grant purports to be able to act without similar constraint or limitation.

## CONCLUSION

For the foregoing reasons, defendants MYCA, LLC and 2220 Equities Management Limited Partnership respectfully request that the Court enter an Order dismissing Jean Minskoff Grant's, QCR 77 LLC's and MLP I's respective Second Claims for injunctive relief with prejudice; and grant such other and further relief as the Court deems just and proper.

Dated: February 28, 2008

        Respectfully submitted,

        AKIN GUMP STRAUSS HAUER & FELD LLP

By: _____
        Michael D. Lockard (ML 2836)
        Rebecca N. Loubriel (RL 4726)
        590 Madison Avenue
        New York, NY 10022
        Telephone: (212) 872-1000
        Facsimile:  (212) 872-1002

        *Counsel for defendant MYCA, LLC*

        -and-

        WHITEMAN OSTERMAN & HANNA LLP
        Philip H. Gitlen (PG 9603)
        Christopher E. Buckey (CB 0187)
        One Commerce Plaza
        Albany, New York 12260
        Telephone: (518) 487-7600
        Facsimile: (518) 487-7777

        *Counsel for defendant 2220 Equities*
        *Management Limited Partnership*