UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEAN MINSKOFF GRANT,<br><br>                 Plaintiff,<br><br>-against-<br><br>MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP,<br><br>                 Defendants. | No. 08 CV 508 (CLB)<br>**FILED BY ECF** |
| MLP I and QCR 77 LLC,<br><br>                 Plaintiffs,<br><br>-against-<br><br>MYCA, LLC and 2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP,<br><br>                 Defendants. | No. 08 CV 511 (CLB)<br>**FILED BY ECF** |

**DEFENDANTS MYCA, LLC'S AND
2220 EQUITIES MANAGEMENT LIMITED PARTNERSHIP'S
LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56.1 of the Southern District of New York Local Rules, defendants MYCA, LLC ("MYCA") and 2220 Equities Management Limited Partnership ("2220 Equities"), by and through their undersigned counsel, allege the following undisputed facts in support of their joint motion for summary judgment to dismiss Plaintiffs' second claim for injunctive relief:

1

A.    **THE PARTIES AND THE PARTNERSHIPS**

1.    The partnerships involved in these two actions are Halstead-Harrison Associates ("Halstead-Harrison") and 77th Queens Associates ("77th Queens") (together, the "Partnerships"). (H-H Compl. ¶ 1; 77th Queens Compl. ¶ 1)[1]

2.    Halstead-Harrison is a New York general partnership. (H-H Compl. ¶ 1; Allan Decl. ¶ 1; Minskoff Decl. ¶ 1.)

3.    Halstead-Harrison owns and operates real property located at 270 to 278 Halstead Avenue in Harrison, New York (the "H-H Property"). (H-H Compl. ¶ 8.)

4.    Its partners are: (1) defendant MYCA, which ones a one-third interest; (2) defendant 2220 Equities, which ones a one-third interest; and (3) plaintiff Jean Minskoff Grant, who owns a one-third interest. (*Id.* ¶ 15; Allan Decl. ¶¶ 1, 2, 5; Minskoff Decl. ¶¶ 1, 2, 5.)

5.    MYCA is a limited liability company whose members are Sara Minskoff Allan and her mother, Carolyn Minskoff. (Compl. ¶ 3; Allan Decl. ¶ 1; Minskoff Decl. ¶ 5.)

6.    MYCA is a citizen of Florida. (*See* Compl. ¶ 3.)

7.    2220 Equities is a limited partnership whose partners are Alan and Royanne Minskoff. (Compl. ¶ 4; Allan Decl. ¶ 5; Minskoff Decl. ¶ 5.)

8.    2220 Equities is a citizen of Idaho. (*See* Compl. ¶ 4.)

9.    Jean Minskoff Grant is a citizen of New York. (*Id.* at ¶ 2.)

---

[1] Throughout this Local Rule 56.1 Statement, "H-H Compl." refers to the complaint dated January 18, 2008, in *Grant v. MYCA, LLC*, No. 08 Civ. 508 (CLB) (S.D.N.Y.) and attached as Exhibit 1 to the Declaration Of Michael D. Lockard In Support Of Defendants' Joint Motion To Plaintiffs' Second Claim For Injunctive Relief dated February 28, 2008 ("Lockard Decl."); "77th Queens Compl." refers to the complaint dated January 18, 2008, in *MLP I v. MYCA, LLC*, No. 08 Civ. 511 (CLB) (S.D.N.Y.) and attached as Exhibit 2 to the Lockard Decl.; "Allan Decl." refers to the Declaration Of Sara Minskoff Allan In Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claim For Injunctive Relief dated February 28, 2008; "Minskoff Decl." refers to the Declaration Of Royanne Minskoff In Support Of Defendants' Joint Motion To Dismiss Plaintiffs' Second Claim For Injunctive Relief dated February 28, 2008.

10. 77th Queens is a New York general partnership. (77th Queens Compl. ¶ 1; Allan Decl. ¶ 1; Minskoff Decl. ¶ 1.)

11. 77th Queens owns and operates a long-term lease of commercial property located at 116-02 to 116-32 Queens Boulevard in Queens, New York (together with the H-H Property, the "Properties"). (77th Queens Compl. ¶¶ 11-12.)

12. Its partners are: (1) MYCA, which owns a one-third interest; (2) 2220 Equities, which owns a one-quarter interest; (3) plaintiff MLP I, which owns a one-twelfth interest; and (4) plaintiff QCR 77 LLC, which owns a one-third interest. (*See id.* at ¶ 16; Allan Decl. ¶¶ 1, 2, 5; Minskoff Decl. ¶¶ 1, 2, 5.)

13. MLP I is a limited partnership whose general partner is Grant and whose limited partner is James Sterling. (77th Queens Compl. ¶ 2; Allan Decl. ¶ 2; Minskoff Decl. ¶ 2.)

14. MLP I is a citizen of New York. (*See* 77th Queens Compl. ¶ 3.)

15. QCR 77 LLC is a limited liability company whose sole member is a trust whose trustee is Patricia Breede, and is controlled by Michael and Patricia Breede. (77th Queens Compl. ¶ 3; Allan Decl. ¶ 2; Minskoff Decl. ¶ 2; Lockard Decl. Ex. 7 (Affidavit of Michael Edward Breede) at 1.)

16. QCR 77 LLC is a citizen of Connecticut. (*See* 77th Queens Compl. ¶ 3.)

**B.   GRANT'S CONTROL OVER THE MANAGEMENT OF THE PARTNERSHIPS' PROPERTIES AND THE PARTNERSHIPS' APPOINTMENT OF A THIRD-PARTY MANAGER**

17. For several years, Jean Minskoff Grant and her husband have exercised control over the management of properties owned by various Minskoff family real estate partnerships, including the Properties, through Minskoff Grant Realty & Management Corporation ("MGRMC"). (H-H Compl. ¶¶ 28-31; 77th Queens Compl. ¶¶ 29-32.)

3

18. MGRMC is controlled by Grant and her husband. (H-H Compl. ¶ 28; 77th Queens Compl. ¶ 29; Allan Decl. ¶ 3; Minskoff Decl. ¶ 3.)

19. Grant, through MGRMC, has been "intimately involved on a day-to-day basis with the management" of the Properties. (H-H Compl. ¶ 31; 77th Queens Compl. ¶ 32.)

20. The partners have been in a state of sharp discord over the "management and day-to-day operations" of the properties with which Grant has been intimately involved. (*See* H-H Compl. ¶¶ 18-23; 77th Queens Compl. ¶¶ 19-24.)

21. MYCA, 2220 Equities and their principals do not want Grant or her company to manage properties owned by partnerships in which MYCA, 2220 Equities or their principals are partners. (Allan Decl. ¶ 4, 6; Minskoff Decl. ¶ 4, 6.)

22. On or about November 30, 2007, partnership meetings were held for Halstead-Harrison and 77th Queens. (Allan Decl. ¶ 7; Minskoff Decl. ¶ 7; *see also* H-H Compl. ¶ 32; 77th Queens Compl. ¶ 33.)

23. At these meetings, majorities voted in favor of hiring Armstrong Realty Management ("Armstrong") to manage the Properties. (Allan Decl. ¶ 7; Minskoff Decl. ¶ 7.)

24. Attending the November 30, 2007, partnership meeting for Halstead-Harrison Associates were MYCA, represented by Sara Minskoff Allan; 2220 Equities, represented by Royanne Minskoff; and Jean Minskoff Grant. (Allan Decl. ¶ 8; Minskoff Decl. ¶ 8.)

25. The vote for retaining Armstrong to manage the property owned by Halstead-Harrison Associates was 2 in favor (MYCA and 2220 Equities), none against. (*Ids.*)

26. Jean Minskoff Grant left the meeting as the vote was being introduced. (Allan Decl. ¶ 8.)

27. The votes in favor of retaining Armstrong represented two-thirds of the partnership interests. (*Id.*; Minskoff Decl. ¶ 8.)

28. Attending the November 30, 2007, partnership meeting for 77th Queens were MYCA, represented by Sara Minskoff Allan; 2220 Equities, represented by Royanne Minskoff; and QCR 77 LLC, represented by Michael Breede. (Allan Decl. ¶ 9, Ex. 1 (minutes); Minskoff Decl. ¶ 9, Ex. 1 (minutes); Lockard Decl. Ex. 7 (Affidavit of Michael Edward Breede) at 1.)

29. The vote for retaining Armstrong to manage the property owned by 77th Queens Associates was 2 in favor (MYCA and 2220 Equities), 1 against (QCR 77 LLC). (Allan Decl. ¶ 9, Ex. 1 (minutes); Minskoff Decl. ¶ 9, Ex. 1 (minutes).)

30. The votes in favor of retaining Armstrong represented seven-twelfths (approximately 58.3 %) of the partnership interests. (*Ids.*)

31. On or about December 11, 2007, Royanne Minskoff and Sara Minskoff Allan, on behalf of the Partnerships, caused letters to be sent to MGRMC. The letters informed MGRMC that the Partnerships had selected new management for the properties and directed MGRMC to turn over relevant partnership books, records and property. (*Ids.* at ¶ 10, Exs. 3 (letters).)

32. The Partnerships later finalized and entered into management agreements with Armstrong dated as of January 1, 2008. (*Ids.* at ¶ 11, Exs. 4 (management agreements).)

33. Grant and MGRMC did not turn over the partnership books and records. (*Ids.* at ¶ 12.)

34. On or about January 18, 2008, Grant and Patricia and Michael Breede commenced five lawsuits in federal and state court seeking the dissolution of five partnerships, including the above-captioned actions concerning Halstead-Harrison Associates and 77th Queens Associates. (*Ids.*)

35. The Defendants were served on or about February 8, 2008. (Lockard Decl. ¶ 3.)

36. The two related state-court actions are captioned *Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.). (*See* Lockard Decl. Ex. 3 (civil cover sheets).)

37. The related federal-court action is captioned *Scorpio 8283 LLC v. MYCA, LLC*, No. 08 Civ. 510 (CLB) (S.D.N.Y.). (*Id.*)

38. The Grants, the Breedes, and MGRMC are jointly represented by the same counsel in their disputes with the Defendants and their principals. (*Id.* at ¶¶ 4, 7, Ex. 3 (civil cover sheets).)

39. On or about January 24, 2008, four partnerships commenced an action against MGRMC in New York State Supreme Court, New York County, captioned *Post-Broadway et al. v. Minskoff Grant Realty & Management Corporation*, Index No. 08/600217 (N.Y. Sup. Ct.), seeking to recover the partnership property that Grant and MGRMC continued to withhold from Armstrong, and brought a motion by order to show cause for a preliminary injunction requiring MGRMC to relinquish the property. (Allan Decl. ¶ 13; Minskoff Decl. ¶ 13.)

40. The four partnership plaintiffs are 77th Queens Associates, Halstead-Harrison Associates, 82nd-83rd Street Venture, and Post-Broadway Associates a/k/a 59 South Broadway Venture. (*Ids.*)

41. The motion for preliminary injunction was heard on February 5, 2008, and a decision on the motion is pending. (Lockard Decl. ¶ 6, Ex. 5 (docket sheet).)

C.   **THE MANAGEMENT AGREEMENTS WITH ARMSTRONG AND THE LIMITS ON ITS AUTHORITY TO ACT ON BEHALF OF THE PARTNERSHIPS**

42.   Halstead-Harrison and 77th Queens entered into management agreements with Armstrong dated as of January 1, 2008.  (*See* Allan Decl. Ex. 3 (management agreements); Minskoff Decl. Ex. 3 (management agreements).)

43.   Under the Halstead-Harrison and 77th Queens agreements with Armstrong, Armstrong does not have the authority to "bind or obligate" the partnerships.  (*Ids.* at 2).

44.   Armstrong's authority is limited to operating and maintaining the properties, preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting rents and other charges from tenants, supervising repairs, and similar activities.  (*Id.* at 2-5).

Dated: February 28, 2008

                                        Respectfully submitted,

                                        AKIN GUMP STRAUSS HAUER & FELD LLP

                                        By: _____
                                              Michael D. Lockard (ML 2836)
                                              Rebecca N. Loubriel (RL 4726)
                                              590 Madison Avenue
                                              New York, NY 10022
                                              Telephone: (212) 872-7439
                                              Facsimile: (212) 872-1002

                                        *Counsel for defendant MYCA, LLC*

                                        -and-

                                        WHITEMAN OSTERMAN & HANNA LLP
                                        Philip H. Gitlen (PG 9603)
                                        Christopher E. Buckey (CB 0187)
                                        One Commerce Plaza
                                        Albany, New York 12260
                                        Telephone: (518) 487-7600
                                        Facsimile: (518) 487-7777

                                        *Counsel for defendant*
                                        *2220 Equities Management Limited*
                                        *Partnership*