UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

                              :

MLP I and QCR 77 LLC,

                              :

            Plaintiffs,

                              :

            v.
                              :       No. 08 CV 511 (CLB)

MYCA, LLC and 2220 EQUITIES              **FILED BY ECF**
MANAGEMENT LIMITED PARTNERSHIP,   :

           Defendants.     :

                              :

------------------------------------------------------------- x

### PLAINTIFFS' NOTICE OF CROSS-MOTION:

**(1) FOR SUMMARY JUDGMENT WITH RESPECT TO PLAINTIFFS' CLAIM FOR PARTNERSHIP DISSOLUTION, AND**

**(2) REQUESTING AN ORDER APPOINTING MLP I TO OVERSEE THE "WINDING-UP" OF THE PARTNERSHIP.**

PLEASE TAKE NOTICE, that upon the accompanying Affidavit Of Thomas H. Golden, and exhibits attached thereto; Affidavit Of Jean Minskoff Grant, and exhibits attached thereto; Affidavit Of Michael Edward Breede, and exhibits attached thereto; Plaintiff's Memorandum Of Law (1) In Opposition To Defendants' Joint Motions To Dismiss; And (2) In Support Of Their Cross-Motion For: (i) An Order Declaring The Partnership Dissolved And (ii) An Order Directing An Evidentiary Hearing Be Held With Respect To The Appointment Of A Winding-Up Partner; and Plaintiffs' Local Rule 56.1 Statement Of Undisputed Material Facts In Support Of Their Motion For Summary Judgment; the undersigned, on behalf of Plaintiffs, will move this Court before Part 1, at the United States Courthouse, Southern District of New York, located at 300 Quarropas Street, White Plains, New York 10601, in Courtroom 218, on April 18,

4194398.1

2008, at 10:00 a.m., or such other time or date as the Court desires, pursuant to Rule 56 of the

Federal Rule of Civil Procedure and Section 75 of the New York Partnership Law for an Order

declaring the 77th Queens Associates partnership dissolved and for an Order appointing MLP I to

oversee the winding-up process.

Dated:   New York, New York
         March 26, 2008

                                        WILLKIE FARR & GALLAGHER LLP


                                        By:/_____
                                        Thomas H. Golden (TG-1467)
                                            (A Member of the Firm)

                                        787 Seventh Avenue
                                        New York, New York 10019-6099
                                        tgolden@willkie.com
                                        (212) 728-8000

                                        Attorneys for Plaintiffs MLP I and QCR 77
                                        LLC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MLP I and QCR 77 LLC,

                                Plaintiffs,

                                   v.

MYCA, LLC and 2220 EQUITIES
MANAGEMENT LIMITED PARTNERSHIP,

                              Defendants.

No. 08 CV 511 (CLB)
**FILED BY ECF**

------------------------------------------------------------x

State of New York     )
                         )    ss.:
County of New York   )

THOMAS H. GOLDEN, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and a member of the firm of

Willkie Farr & Gallagher LLP, attorneys for Plaintiffs MLP I and QCR 77 LLC. I submit this

affidavit in support of Plaintiffs' cross-motion: (1) for summary judgment with respect to

Plaintiff's claim for partnership dissolution, and (2) requesting an order appointing MLP I to

oversee the "winding-up" of the partnership.

        2.      Attached hereto as Exhibit A is a true and correct copy of a letter I sent to

Sara Minskoff Allan and Royanne Minskoff on or around December 13, 2007, regarding their

stated intention to terminate certain management agreements with MGRMC.

        3.      In response, Ms. Allan and Ms. Minskoff caused various Minskoff family

partnerships to retain new counsel, who asserted that the automatic renewal provisions in the

management agreements with MGRMC were unenforceable.

4. On January 18, 2008, Plaintiffs filed this Action. On the same date, Plaintiffs, and/or other partners in other Minskoff family partnerships, filed two additional actions in this Court (Grant v. MYCA, LLC, No. 7:08-cv-508, and Scorpio 8283 LLC v. 2220 Equities Management Limited Partnership, No. 7:08-cv-510), and two actions in the Supreme Court of the State of New York, County of Westchester (Grant v. Minskoff, Index. No. 01375/2008 (Sup. Ct. N.Y.), and Grant v. Minskoff, Index No. 01376/2008 (Sup. Ct. N.Y.)). On the same day that these actions were filed, I spoke by telephone with Robert Owen of Fulbright & Jaworski, putative counsel to certain Minskoff partnerships, to advise him of the filings. That same day my office sent Mr. Owen, by email, copies of the three complaints. My office also sent copies of the complaints to counsel for Robb Allan and Sarah Minskoff Allen and Alan and Royanne Minskoff, who were (through entities they or their spouses controlled) defendants in the five actions.

5. Attached as Exhibit B is a true and correct copy of a letter I sent to Mr. Owen on January 24, 2008.

6. On January 24, 2008, certain partners, purportedly on behalf of Minskoff family partnerships, commenced an action in the Supreme Court of the State of New York, County of New York, and moved, by order to show cause, for a preliminary injunction removing MGRMC as managers of certain partnerships' properties. By order dated March 18, 2008, the Supreme Court granted that motion. MGRMC has filed a notice of appeal, and the Supreme Court, Appellate Division has granted an interim stay of the lower court's order.

Thomas H. Golden

Subscribed and sworn to before me
this 26th day of March, 2008

Notary Public

GWENDOLYN JOHNSON
Notary Public, State of New York
No. 01JO6083887
Qualified In New York County
Commission Expires Nov. 25, 2010

# WILLKIE FARR & GALLAGHER LLP

THOMAS H. GOLDEN

tgolden@willkie.com

Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 13, 2007

## VIA EMAIL, FEDEX and CERTIFIED MAIL

Halstead Harrison Avenue Venture
c/o Sara Minskoff Allan
220 Sunrise Ave.
Palm Beach, Florida 33480

and c/o Royanne Minskoff
2200 East Gossamer Lane
Boise, Idaho 83706-6140

Re:   Management Agreement Between Halstead Harrison Avenue Venture and
      Minskoff Grant Realty & Management Company

Dear Ms. Allan and Ms. Minskoff:

This firm represents Minskoff Grant Realty & Management Company ("MGRMC"), Mrs. Jean Minskoff Grant, and Mr. Francis C. Grant, III. I am writing in response to your December 11, 2007 letter to Jean Grant of MGRMC, in which you state that Halstead Harrison Avenue Venture (the "Partnership") has "elected to retain the services of a successor management firm" effective January 1, 2008.

As you are no doubt aware, the Partnership and MGRMC are parties to a Real Estate Management Agreement (the "Agreement") dated January 1, 2002, which provides for MGRMC to provide certain management services to the Partnership. A copy of the Agreement is enclosed for your ease of reference. As you will see, Section 5.1 of the Agreement provides for an initial term of January 1, 2002 through December 31, 2006, to continue for one-year periods thereafter. Section 5.1 further provides that "The Owner and the Agent shall have the option, exercisable upon ninety (90) days' written notice to the other, to terminate this Agreement for any reason effective as of December 31, 2006 and thereafter as to each annual extension as of October 1 of each year." (emphasis added).

In light of this provision, your suggestion that the Partnership's contractual relationship with MGRMC 's will be terminated effective December 31, 2007, if carried out, would constitute a clear breach of the Agreement. In addition, under these circumstances, we believe the action suggested

40490026.2

Halstead Harrison Avenue Venture
c/o Sarah Minskoff Allan
and c/o Royanne Minskoff
December 13, 2007
Page 2

by your December 11th letter would be violative of your fiduciary duties to the other partners of the Partnership and to the Partnership as a whole, both by exposing the Partnership to liability and by arbitrarily and capriciously replacing MGRMC with an entity that would appear to lack the necessary qualifications to manage the Partnership's property with the same skill exhibited by MGRMC. In that regard, those partners who are not responsible for the wrongful conduct suggested by your December 11th letter should not be burdened, directly or indirectly, with the fees and costs that would be associated with such conduct.

Please confirm immediately that you will allow the Partnership to honor its contractual obligations to MGRMC.

Nothing herein constitutes a waiver of MGRMC's, Mrs. Grant's, or Mr. Grant's rights, all of which are expressly reserved.

Very truly yours,

Thomas H. Golden

Enclosure

4049026.2

# WILLKIE FARR & GALLAGHER LLP

THOMAS H. GOLDEN
212 728 86 "
tgolden@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel 212 728 8000
Fax 212 728 8111

January 24, 2008

Robert D. Owen, Esq.
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103-3198

Re:   Minskoff Family Partnerships

Dear Mr. Owen:

As you know, this firm represents Jean and Francis C. Grant III, Patricia and Michael Breede, and the various entities through which they own their partnership interests in Court Marine Associates, 77th Queens Associates, and Halstead Harrison Avenue Venture (the "Partnerships"), among other partnerships.

On January 14, 2008, I wrote to you and asked that you provide me with copies of (1) any contracts between any of the Partnerships and Armstrong, (2) all written communications by or on behalf of any of those Partnerships and Armstrong, (3) all written communications between any of those Partnerships and their respective counsel concerning either Armstrong or MGRMC, and (4) all other Partnership records concerning the decision to retain Armstrong. By email dated January 16, 2008, I asked you when I would be receiving those documents. To date, I have received neither a response nor any documents concerning Armstrong.

This lack of information is particularly troubling given assurances previously made to my clients that they would have an opportunity to review any proposed arrangement with Armstrong in advance of its being finalized. Indeed, a transcript of the November 30, 2007 partnership meeting of 77th Queens Associates reflects the statement by Robb Allan, in response to concerns raised by Mr. Breede, that "obviously a management agreement [with Armstrong] needs to be circulated to members for approval prior to any signature. So we have some time between here and then." Mr. Allan later commented, "All we're doing today is authorizing moving forward with retaining Armstrong as our manager and if we find there's an obstacle to that process then obviously we'll have another meeting and we'll decide what to do." Despite these assurances, none of my clients have been given an opportunity to review any agreement with Armstrong -- whether proposed or executed.

4102890.1

Robert D. Owen, Esq.
January 24, 2008
Page 2

In light of these circumstances, and given the complete lack of information regarding the Partnership's and Armstrong's respective rights and obligations (including contractual protections against losses caused by Armstrong), my clients cannot afford to sit idly while Armstrong purports to act for the Partnerships. Consequently, my clients are today instructing Armstrong to cease and desist from taking any further action on behalf of the Partnerships

My clients are also concerned that certain members of the Partnerships may seek to use your services to further their interests with respect to intra-partner disputes, while saddling the Partnerships (and, indirectly, my clients) with the attendant fees. Consequently, I would appreciate your sharing with me all documents reflecting the terms of your engagement by the Partnerships, including the retention letters.

Very truly yours,

Thomas H. Golden

41028901.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

                                     :

MLP I and QCR 77 LLC,

                                     :

              Plaintiffs,

                                     :

              v.                                                                    No. 08 CV 511 (CLB)

                                   :    **FILED BY ECF**

MYCA, LLC and 2220 EQUITIES
MANAGEMENT LIMITED PARTNERSHIP,   :

             Defendants.      :

                                     :

-------------------------------------------------------------- x

## PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

        1.      77th Queens Associates (the "Partnership") is a New York general partnership. (*See* Cplt. ¶ 1; Allan Decl. ¶ 1.)[1]

        2.      Plaintiffs and Defendants all are partners in the Partnership and there are no other partners in the Partnership. (*See* Cplt. ¶ 16; Allan Decl. ¶¶ 1, 2, 5.)

        3.      The partners of the Partnership have been in a state of sharp discord regarding the way in which to conduct the Partnership's affairs. (*See* Cplt. ¶¶ 20-23; Allan Decl. ¶ 20.)

        4.      There has been broad recognition among the partners that the Partnership cannot continue to operate constructively in its present form. (*See* Grant Aff. ¶ 3.)

---

[1] As used in this document, "Cplt." refers to the Complaint in this action, dated January 18, 2008; "Allan Decl." refers to the Declartion of Sara Minskoff Allan, dated February 28, 2008, which was submitted in support of defendants' motion to dismiss the Complaint; and "Grant Aff." refers to the Affidavit of Jean Minskoff Grant, dated March 26, 2008, which was submitted in opposition to defendants' motion to dismiss the Complaint and in support of plaintiffs' cross-motion.

4193623.1

Dated:   New York, New York
         March 26, 2008

                                    WILLKIE FARR & GALLAGHER LLP


                              By: _____
                                    Thomas H. Golden (TG-1467)
                                    (A Member of the Firm)

                                    787 Seventh Avenue
                                    New York, New York 10019-6099
                                    tgolden@willkie.com
                                    (212) 728-8000

                                    Attorneys for Plaintiffs MLP I and QRC 77
                                    LLC

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the bar of this Court, certifies that on

March 26, 2008, he caused a copy of the foregoing documents to be served via e-mail, pursuant

to an agreement, upon the following:


Philip H. Gitlen
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
pgitlen@woh.com


Christopher E. Buckley
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
cbuckley@woh.com


Michael D. Lockard
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
mlockard@akingump.com


Rebecca N. Loubriel
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
rloubriel@akingump.com

Thomas H. Golden