UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                    :

MLP I and QCR 77 LLC,
                                      :

                 Plaintiffs,
                                      :

                   v.
                                      :       No. 08 CV 511 (CLB)
                                            **FILED BY ECF**

MYCA, LLC and 2220 EQUITIES
MANAGEMENT LIMITED PARTNERSHIP,   :

                 Defendants.       :

                                        :

-------------------------------------------------------------- x

### PLAINTIFFS' COUNTER STATEMENT PURSUANT TO RULE 56.1
### IN OPPOSITION TO DEFENDANTS' MOTION
### FOR PARTIAL SUMMARY JUDGMENT

       Plaintiffs MLP I and QCR 77 LLC ("Plaintiffs"), pursuant to Local Civil Rule

56.1, respond to Defendants' Statement of Undisputed Material Facts, dated February 28, 2008,

in connection with Defendants' motion for partial summary judgment to dismiss Plaintiffs'

second cause of action ("Defendants' Motion"), as follows:

**PARAGRAPH NO. 1**

       The partnerships involved in these two actions[1] are Halstead-Harrison Associates

("Halstead-Harrison") and 77th Queens Associates ("77th Queens") (together, the

"Partnerships").

---

[1] Defendants MYCA, LLC ("MYCA") and 2220 Equities Management Limited Partnership
("2220 Equities") filed a joint motion to dismiss in the above-captioned action and in *Grant
v. MYCA, LLC*, No. 08 CV 508 (CLB), and submitted identical Local Rule 56.1 Statements
of Undisputed Material Facts in both actions.

4192563.2

**RESPONSE TO PARAGRAPH NO. 1**

Plaintiffs admit.

**PARAGRAPH NO.** 2

Halstead-Harrison is a New York general partnership.

**RESPONSE TO PARAGRAPH NO. 2**

Plaintiffs admit.

**PARAGRAPH NO.** 3

Halstead-Harrison owns and operates real property located at 270 to 278 Halstead

Avenue in Harrison, New York (the "H-H Property").

**RESPONSE TO PARAGRAPH NO. 3**

Plaintiffs admit.

**PARAGRAPH NO. 4**

Its partners are: (1) defendant MYCA, which ones a one-third interest; (2) defendant

2220 Equities, which ones a one-third interest; and (3) plaintiff Jean Minskoff Grant, who owns

a one-third interest.

**RESPONSE TO PARAGRAPH NO. 4**

Plaintiffs admit.

**PARAGRAPH NO. 5**

MYCA is a limited liability company whose members are Sara Minskoff Allan and her

mother, Carolyn Minskoff.

**RESPONSE TO PARAGRAPH NO. 5**

Plaintiffs admit.

**PARAGRAPH NO. 6**

MYCA is a citizen of Florida.

4192563.2

**RESPONSE TO PARAGRAPH NO. 6**

Plaintiffs admit.

**PARAGRAPH NO. 7**

2220 Equities is a limited partnership whose partners are Alan and Royanne Minskoff.

**RESPONSE TO PARAGRAPH NO. 7**

Plaintiffs admit.

**PARAGRAPH NO. 8**

2220 Equities is a citizen of Idaho.

**RESPONSE TO PARAGRAPH NO. 8**

Plaintiffs admit.

**PARAGRAPH NO. 9**

Jean Minskoff Grant is a citizen of New York.

**RESPONSE TO PARAGRAPH NO. 9**

Plaintiffs admit.

**PARAGRAPH NO. 10**

77th Queens is a New York general partnership.

**RESPONSE TO PARAGRAPH NO. 10**

Plaintiffs admit.

**PARAGRAPH NO. 11**

77th Queens owns and operates a long-term lease of commercial property located at

116-02 to 116-32 Queens Boulevard in Queens, New York (together with the H-H Property, the

"Properties").

**RESPONSE TO PARAGRAPH NO. 11**

Plaintiffs admit.

4192563.2

**PARAGRAPH NO. 12**

Its partners are: (1) MYCA, which owns a one-third interest; (2) 2220 Equities, which owns a one-quarter interest; (3) plaintiff MLP I, which owns a one-twelfth interest; and (4) plaintiff QCR 77 LLC, which owns a one-third interest.

**RESPONSE TO PARAGRAPH NO. 12**

Plaintiffs admit.

**PARAGRAPH NO. 13**

MLP I is a limited partnership whose general partner is Grant and whose limited partner is James Sterling.

**RESPONSE TO PARAGRAPH NO. 13**

Plaintiffs admit.

**PARAGRAPH NO. 14**

MLP I is a citizen of New York.

**RESPONSE TO PARAGRAPH NO. 14**

Plaintiffs admit.

**PARAGRAPH NO. 15**

QCR 77 LLC is a limited liability company whose sole member is a trust whose trustee is Patricia Breede, and is controlled by Michael and Patricia Breede.

**RESPONSE TO PARAGRAPH NO. 15**

Plaintiffs admit.

**PARAGRAPH NO. 16**

QCR 77 LLC is a citizen of Connecticut.

**RESPONSE TO PARAGRAPH NO. 16**

Plaintiffs admit.

4192563.2

**PARAGRAPH NO. 17**

For several years, Jean Minskoff Grant and her husband have exercised control over the

management of properties owned by various Minskoff family real estate partnerships, including

the Properties, through Minskoff Grant Realty & Management Corporation ("MGRMC").

**RESPONSE TO PARAGRAPH NO. 17**

Plaintiffs admit that, for several years, Jean Minskoff Grant and her husband, Francis C.

Grant III have managed properties owned by various Minskoff family real estate partnerships,

including the Properties, pursuant to management agreements between MGRMC and such

partnerships.  (Affidavit of Jean Minskoff Grant, sworn to March 26, 2008 ("Minskoff Grant

Aff.") ¶¶ 5, 9.)

**PARAGRAPH NO. 18**

MGRMC is controlled by Grant and her husband.

**RESPONSE TO PARAGRAPH NO. 18**

Plaintiffs admit.

**PARAGRAPH NO. 19**

Grant, through MGRMC, has been "intimately involved on a day-to-day basis with the

management" of the Properties.

**RESPONSE TO PARAGRAPH NO. 19**

Plaintiffs admit.

**PARAGRAPH NO. 20**

The partners have been in a state of sharp discord over the "management and day-to-day

operations" of the properties with which Grant has been intimately involved.

**RESPONSE TO PARAGRAPH NO. 20**

Plaintiffs admit.

4192563.2

**PARAGRAPH NO. 21**

MYCA, 2220 Equities and their principals do not want Grant or her company to manage properties owned by partnerships in which MYCA, 2220 Equities or their principals are partners.

**RESPONSE TO PARAGRAPH NO. 21**

Plaintiffs understand this to be the case based on the actions of MYCA, 2220 Equities, and their principals.

**PARAGRAPH NO. 22**

On or about November 30, 2007, partnership meetings were held for Halstead-Harrison and 77th Queens.

**RESPONSE TO PARAGRAPH NO. 22**

Plaintiffs admit.

**PARAGRAPH NO. 23**

At these meetings, majorities voted in favor of hiring Armstrong Realty Management ("Armstrong") to manage the Properties.

**RESPONSE TO PARAGRAPH NO. 23**

Plaintiffs object to Defendants' characterization that partners at the November 30, 2007 meeting of 77th Queens voted to hire Armstrong to manage the Properties.  Plaintiffs admit that the minutes from this meeting – which were drafted by Robb Allan, husband of Sara Minskoff Allan – allege that the motion presented at the meeting was to hire Armstrong effective January 1, 2008.  However, Plaintiffs dispute that this is an accurate reflection of the vote that took place at the November 30, 2007 meeting.  On the contrary, the motion that was decided at the 77th Queens meeting was a motion to "authorize[e] moving forward with retaining Armstrong" as the manager of the H-H Property, subject to subsequent approval by the partners of any management

4192563.2

agreement with Armstrong. (Affidavit of Michael Edward Breede, sworn to March 26, 2008 ("Breede Aff."), ¶ 8 and Ex. A.)

At the 77th Queens meeting, Rob Allan, as the proxy for Sara Minskoff Allan, introduced a motion at the meeting regarding the management of 77th Queens' property. In response to Mr. Breede's concerns about signing any agreement with Armstrong at that time, Mr. Allan clarified that "[w]e're not signing anything today." According to Mr. Allan's own characterization of his motion, "[a]ll we're doing today is authorizing moving forward with retaining Armstrong." Mr. Allan added, "Obviously a management agreement needs to be circulated to members for approval prior to any signature. So we have some time between here and then." (Id.)

Regarding the November 30, 2007 meeting of Halstead-Harrison, Plaintiffs object to Defendants' characterization of the vote on the grounds that Plaintiffs was not present for any motion or vote regarding the management of Halstead-Harrison, nor are Plaintiffs aware of any transcript or recording that reflects such a motion or vote. Plaintiffs do not consider the minutes of the Halstead-Harrison meeting – drafted by Robb Allan, husband of Sara Minskoff Allan – to accurately reflect the events that transpired at the Halstead-Harrison meeting. (Declaration of Sara Minskoff Allan in support of Defendants' Motion ("Allan Decl.) ¶ 8; Minskoff Grant Aff. ¶ 24 and Ex. D.)

**PARAGRAPH NO. 24**

Attending the November 30, 2007, partnership meeting for Halstead-Harrison Associates were MYCA, represented by Sara Minskoff Allan; 2220 Equities, represented by Royanne Minskoff; and Jean Minskoff Grant.

**RESPONSE TO PARAGRAPH NO. 24**

Plaintiffs admit that Ms. Minskoff Grant attended a portion of the November 30, 2007 meeting of Halstead-Harrison, telephonically, from England. Plaintiffs note that Ms. Minskoff

4192563.2

Grant did not have access to any of the documents that were being discussed at the meeting. Ms. Minskoff Grant was also not present for any motion or vote regarding the management of the H-H Property. (Minskoff Grant Aff. ¶ 24 and Ex. D.)

**PARAGRAPH NO. 25**

The vote for retaining Armstrong to manage the property owned by Halstead-Harrison Associates was 2 in favor (MYCA and 2220 Equities), none against.

**RESPONSE TO PARAGRAPH NO. 25**

As discussed above, Plaintiffs objects to Defendants' characterization of the vote on the grounds that Ms. Minskoff Grant was not present for any motion or vote regarding the management of the H-H Property, nor are Plaintiffs aware of any transcript or recording that reflects such a motion or vote. Plaintiffs do not consider the minutes of the Halstead-Harrison meeting – drafted by Robb Allan, husband of Sara Minskoff Allan – to accurately reflect the events that transpired at the Halstead-Harrison meeting. (Minskoff Grant Aff. ¶ 24 and Ex. D.)

**PARAGRAPH NO. 26**

Jean Minskoff Grant left the meeting as the vote was being introduced.

**RESPONSE TO PARAGRAPH NO. 26**

Plaintiffs object to this statement on the grounds that Ms. Minskoff Grant was not present for any motion or vote regarding the management of the H-H Property and is not aware as to whether a vote was introduced upon her departure from the meeting. (Id.)

**PARAGRAPH NO. 27**

The votes in favor of retaining Armstrong represented two-thirds of the partnership interests.

**RESPONSE TO PARAGRAPH NO. 27**

Plaintiffs object to Defendants' characterization of the Halstead-Harrison vote for the reasons discussed above.

**PARAGRAPH NO. 28**

Attending the November 30, 2007, partnership meeting for 77th Queens were MYCA, represented by Sara Minskoff Allan; 2220 Equities, represented by Royanne Minskoff; and QCR 77 LLC, represented by Michael Breede.

**RESPONSE TO PARAGRAPH NO. 28**

Plaintiffs admit.

**PARAGRAPH NO. 29**

The vote for retaining Armstrong to manage the property owned by 77th Queens Associates was 2 in favor (MYCA and 2220 Equities), 1 against (QCR 77 LLC).

**RESPONSE TO PARAGRAPH NO. 29**

Plaintiffs object to Defendants' characterization of the 77th Queens vote for the reasons discussed above.

**PARAGRAPH NO. 30**

The votes in favor of retaining Armstrong represented seven-twelfths (approximately 58.3 %) of the partnership interests.

**RESPONSE TO PARAGRAPH NO. 30**

Plaintiffs object to Defendants' characterization of the 77th Queens vote for the reasons discussed above.

**PARAGRAPH NO. 31**

On or about December 11, 2007, Royanne Minskoff and Sara Minskoff Allan, on behalf of the Partnerships, caused letters to be sent to MGRMC. The letters informed MGRMC that the

Partnerships had selected new management for the properties and directed MGRMC to turn over relevant partnership books, records and property.

**RESPONSE TO PARAGRAPH NO. 31**

Plaintiffs admit that Ms. Minskoff and Ms. Minskoff Allan sent such letters, purportedly on behalf of the Partnerships.

**PARAGRAPH NO. 32**

The Partnerships later finalized and entered into management agreements with Armstrong dated as of January 1, 2008.

**RESPONSE TO PARAGRAPH NO. 32**

Plaintiffs dispute that the Partnerships entered into management agreements with Armstrong. Plaintiffs acknowledge that Royanne Minskoff and Sara Minskoff Allan purported to enter into management agreements with Armstrong, but dispute that such actions constituted valid actions on behalf of the Partnerships, and dispute that the Partnerships are bound by any such agreements. Plaintiffs note that these management agreements were never provided to the Partnerships for approval, and were accordingly not approved by the Partnerships. (See Minskoff Grant Aff. ¶ 26; Breede Aff. ¶ 9.)

**PARAGRAPH NO. 33**

Grant and MGRMC did not turn over the partnership books and records.

**RESPONSE TO PARAGRAPH NO. 33**

Plaintiffs admit that partnership books and records have not been turned over to Defendants. However, Plaintiffs assert that MGRMC immediately sent copies of the management agreements between the Partnerships and MGRMC to Defendants after receiving a request to do so from Mr. Breede. (Minskoff Grant Aff. ¶ 25; Breede Aff. ¶ 10.)

4192563.2

**PARAGRAPH NO. 34**

On or about January 18, 2008, Grant and Patricia and Michael Breede commenced five lawsuits in federal and state court seeking the dissolution of five partnerships, including the above-captioned actions[2] concerning Halstead-Harrison Associates and 77th Queens Associates.

**RESPONSE TO PARAGRAPH NO. 34**

Plaintiffs admit.

**PARAGRAPH NO. 35**

The Defendants were served on or about February 8, 2008.

**RESPONSE TO PARAGRAPH NO. 35**

Plaintiffs admit.

**PARAGRAPH NO. 36**

The two related state-court actions are captioned *Grant v. Minskoff*, Index No. 03175/2008 (N.Y. Sup. Ct.) and *Grant v. Minskoff*, Index No. 03176/2008 (N.Y. Sup. Ct.).

**RESPONSE TO PARAGRAPH NO. 36**

Plaintiffs admit.

**PARAGRAPH NO. 37**

The related federal-court action is captioned *Scorpio 8283 LLC v. MYCA, LLC*, No. 08 Cv. 510 (CLB) (S.D.N.Y.).

**RESPONSE TO PARAGRAPH NO. 37**

Plaintiffs admit.

---

[2]    Defendants filed a joint motion to dismiss in the above-captioned action and in *Grant v. MYCA, LLC*, No. 08 CV 508, and field identical Local Rule 56.1 statements in each case. Defendants included both captions on their Local Rule 56.1 statements.

4192563.2

**PARAGRAPH NO. 38**

The Grants, the Breedes, and MGRMC are jointly represented by the same counsel in their disputes with the Defendants and their principals.

**RESPONSE TO PARAGRAPH NO. 38**

Plaintiffs admit.

**PARAGRAPH NO. 39**

On or about January 24, 2008, four partnerships commenced an action against MGRMC in New York State Supreme Court, New York County, captioned *Post-Broadway et al. v. Minskoff Grant Realty & Management Corporation*, Index No. 08/600217 (N.Y. Sup. Ct.), seeking to recover the partnership property that Grant and MGRMC continued to withhold from Armstrong, and brought a motion by order to show cause for a preliminary injunction requiring MGRMC to relinquish the property.

**RESPONSE TO PARAGRAPH NO. 39**

Plaintiffs admit that an action styled *Post Broadway et al. v. Minskoff Grant Realty & Management Corp.*, Index No. 08/600217 (N.Y. Sup. Ct.) (the "Termination Action") was commenced on or about January 24, 2008 seeking the relief described above, and admit that the above-mentioned motion was brought in the Termination Action. Plaintiffs acknowledge that certain partners of 77th Queens, Halstead-Harrison, and 82nd-83rd Street Venture initiated that action, purportedly on behalf of those partnerships. However, Plaintiffs dispute that the Termination Action was validly brought on behalf of those three partnerships that are named as plaintiffs. Plaintiffs assert that the partners of 77th Queens, Halstead-Harrison, and 82nd-83rd Street Venture that commenced the Termination Action did not consult with the other partners of those partnerships before commencing that action. (Minskoff Grant Aff. ¶ 27; Breede Aff. ¶ 11.)

4192563.2

**PARAGRAPH NO. 40**

The four partnership plaintiffs are 77th Queens Associates, Halstead-Harrison Associates,

82nd-83rd Street Venture, and Post-Broadway Associates a/k/a 59 South Broadway Venture.

**RESPONSE TO PARAGRAPH NO. 40**

Plaintiffs admit that the partnerships listed above are named as plaintiffs in the

Termination Action.  For the reasons discussed above, Plaintiffs dispute that the Termination

Action was validly brought by or on behalf of three of those four partnerships.  (Ids.)

**PARAGRAPH NO. 41**

The motion for preliminary injunction was heard on February 5, 2008, and a decision on

the motion is pending.

**RESPONSE TO PARAGRAPH NO. 41**

Plaintiffs admit that the motion for preliminary injunction was heard on February 5,

2008, and that a decision on the motion was pending as of the date Defendants filed their Local

Rule 56.1 statement.  The court in the Termination Action issued an order and decision (the

"Lower Court Order") granting the plaintiffs' motion for a preliminary injunction on March 18,

2008.  The defendants in the Termination Action have appealed the order and decision to the

Appellate Division, First Department.  The Appellate Division, First Department granted an

interim stay of the Lower Court Order pending the full court's determination of whether the

Lower Court Order should be stayed during the entire pendency of the appeal.  (Affidavit of

Thomas H. Golden, sworn to March 26, 2008 ("Golden Aff.") ¶ 6.)

**PARAGRAPH NO. 42**

Halstead-Harrison and 77th Queens entered into management agreements with

Armstrong dated as of January 1, 2008.

**RESPONSE TO PARAGRAPH NO. 42**

Plaintiffs dispute that the Partnerships entered into management agreements with Armstrong for the reasons stated in Response No. 32.

**PARAGRAPH NO. 43**

Under the Halstead-Harrison and 77th Queens agreements with Armstrong, Armstrong does not have the authority to "bind or obligate" the partnerships.

**RESPONSE TO PARAGRAPH NO. 43**

Plaintiffs admit that, pursuant to Section 2.2 of the management agreements purportedly entered into between Halstead-Harrison and 77th Queens on the one hand and Armstrong on the other, "[n]either party shall have the power to bind or obligate the other." (Allan Decl., Ex. 3).

**PARAGRAPH NO. 44**

Armstrong's authority is limited to operating and maintaining the properties, preparing budgets, expending funds pursuant to Owner-approved operating budgets, collecting rents and other charges from tenants, supervising repairs, and similar activities.

**RESPONSE TO PARAGRAPH NO. 44**

Plaintiffs admit that this paragraph represents a fair characterization of Armstrong's authority pursuant to the management agreements purportedly entered into between Halstead-Harrison and 77th Queens on the one hand and Armstrong on the other.

4192563.2

DATED:    New York, New York
          March 26, 2008


                              Respectfully submitted,

                              WILLKIE FARR & GALLAGHER LLP


                              By: _____
                                  Thomas H. Golden (TG-1467)
                                  (A Member of the Firm)

                              787 Seventh Avenue
                              New York, New York 10019-6099
                              tgolden@willkie.com
                              (212) 728-8000

                              Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the bar of this Court, certifies that on

March 26, 2008, he caused a copy of the foregoing document to be served via e-mail, pursuant to

an agreement, upon the following:

Philip H. Gitlen
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
pgitlen@woh.com


Christopher E. Buckley
Whiteman Osterman & Hanna LLP
Once Commerce Plaza
Albany, New York  12260
cbuckley@woh.com


Michael D. Lockard
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
mlockard@akingump.com


Rebecca N. Loubriel
Akin Gump Strauss Hauer Feld LLP
590 Madison Avenue
New York, New York  10022-2524
rloubriel@akingump.com


Thomas H. Golden