WHITEMAN
OSTERMAN
& HANNA LLP

Attorneys at Law
www.woh.com

Christopher E. Buckey
Partner
518.487.7795 phone
cbuckey@woh.com

One Commerce Plaza
Albany, New York 12260
518.487.7600 phone
518.487.7777 fax

June 6, 2008

<u>Via Facsimile</u>
(914) 390-4085

The Honorable Charles L. Brieant
United States District Judge
Southern District of New York
United States Courthouse
300 Quarropas Street, Room 275
White Plains, NY 10601

    Re:    Grant v. MYCA, LLC et al., No. 08 CV 508 (CLB)
            Scorpio 8283 LLC v. 2220 Equities Management Limited Partnership et al.,
            No. 08 CV 510 (CLB)
            <u>MLP I et al. v. MYCA, LLC et al., No. 08 CV 511 (CLB)</u>

Dear Judge Brieant:

    We represent 2220 Equities Management Limited Partnership, a Defendant in the above-referenced actions seeking dissolution of three real estate partnerships. We write in response to the June 4, 2008 letter to Your Honor from counsel for the Plaintiffs opposing a stay of the limited, pre-answer discovery concerning Plaintiffs' request for judicial dissolution, ordered by the Court on May 16, 2008.

    The stay of this limited discovery order was requested in a June 2, 2008 letter from counsel for defendant MYCA LLC (in which request my firm joined) because the Defendants have notified counsel for Plaintiffs that they agree that the partnerships are "at will" and have offered to dissolve the partnerships by agreement, which agreement makes the Plaintiffs' request for judicial dissolution of these partnerships moot.

    Counsel for Plaintiffs, however, after acknowledging that the Defendants have agreed to dissolve the partnerships, now contends that discovery should extend to other issues. This contention contradicts the Plaintiffs' request for limited discovery that was made to the Court at the argument on May 16, reflected in the following exchange:

Southern District of New York
United States Courthouse
June 6, 2008
Page -2-

>    THE COURT: All right. Within ten days, **the motion for summary judgment dissolving one or more of the partnerships** will be fully submitted on papers. Is that fair enough?
>
>    MR. GOLDEN: It is, your Honor.
>    Now, we have not taken discovery, and so, you know, I guess I would like to do that without prejudice to renew the motion if your Honor thought there remained factual questions. The other thing I would suggest is if your Honor would order a 30-day discovery period. I think it's literally that short. And then we can -- if there are--
>
>    THE COURT: To take discovery solely on the issue of dissolution.
>
>    **MR. GOLDEN: In other words, that's what I'm suggesting, your Honor.**[1]

(Transcript at p. 27, line 19 to p. 28 line 4, emphasis added.)

We therefore respectfully request that the stay of this Court's limited discovery order be granted. The parties can address any remaining issues at the conference previously scheduled by the Court for June 20, 2008, two weeks from today.

I have been authorized to state that Michael Lockard, counsel for Defendant MYCA, LLC, joins in this letter.

Respectfully,

*[signature]*

Christopher E. Buckey

cc:    Thomas H. Golden, Esq. (via facsimile)
       Michael D. Lockard, Esq. (via facsimile)
       Philip H. Gitlen, Esq.

---

[1] Your Honor later commented that any discovery should be "rational and nonwasteful and directed to the issues," Transcript at 32:4-5, *i.e.*, Plaintiffs' request for judicial dissolution of the partnerships. Plaintiffs, however, ignored this admonishment and served document requests seeking items such as "All documents concerning the Partnerships" and "All documents concerning the Plaintiffs."